UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

ZUFFA, LLC d/b/a Ultimate Fighting Championship,

Plaintiff,

-against-

**FIRST AMENDED COMPLAINT**

1:22-CV-03258-RPK-RER

MIRIAM MINDY PAZ and GREGORY FOSDAL, Individually, and as officers, directors, shareholders and/or principals of DRG SINY SOUTH INC. d/b/a DADDY O'S BBQ,

and

DRG SINY SOUTH INC. d/b/a DADDY O'S BBQ,

Defendants.

----------------------------------------------------------------------

Plaintiff, ZUFFA, LLC d/b/a Ultimate Fighting Championship (hereinafter "Plaintiff"), by its attorneys, LONSTEIN LAW OFFICE, P.C., complaining of the Defendants herein respectfully sets forth and alleges, as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages for violation of 47 U.S.C. §§ 553 or 605, et seq. and for copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.).

2. This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331, which states that the district courts shall have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section §1338(a) (copyright).

3. Upon information and belief, venue is proper in this court because, inter alia, a substantial part of the events or omissions giving rise to the claim occurred within Richmond County, which is within the Eastern District of New York (28 U.S.C. § 1391(b) and 28 U.S.C. §112(c)).

4. This Court has personal jurisdiction over the parties in this action. Defendants to this action had or have an agent or agents who has or had independently transacted business in the State of New York and certain activities of Defendants giving rise to this action took place in the State of New York; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the satellite programming transmission signals took place within the State of New York. Moreover, upon information and belief, Defendants has their principal place of business within the State of New York; thus, this Court has personal jurisdiction over Defendants.

**THE PARTIES**

5. The plaintiff is a Nevada Limited Liability Company with its principal place of business located at 6650 S. Torrey Pines Drive, Las Vegas, Nevada 89118 and duly registered to do business in the State of New York.

6. Plaintiff is the owner of the UFC 270 - Ngannou vs Gane Broadcast, including all undercard matches and the entire television Broadcast, scheduled for January 22, 2022, via closed circuit television, encrypted satellite signal and/or digital streaming

technology (hereinafter referred to as the "Broadcast").

7. Upon information and belief the Defendant, MIRIAM MINDY PAZ, resides at 51 Rankin Ave, Apt 003, Troy, NY 12180.

7. Upon information and belief the Defendant, GREGORY FOSDAL, resides at 28 Oak Lane, Staten Island, NY 10312.

8. Upon information and belief the Defendants, MIRIAM MINDY PAZ and GREGORY FOSDAL, were the officers, directors, shareholders, and/or principals of DRG SINY SOUTH INC. d/b/a DADDY O'S BBQ located at 185 Bricktown Way, Staten Island, NY 10309.

9. Upon information and belief the Defendants, MIRIAM MINDY PAZ and GREGORY FOSDAL, were the individuals with supervisory capacity and control over the activities occurring within the establishment known as DRG SINY SOUTH INC. d/b/a DADDY O'S BBQ, located at 185 Bricktown Way, Staten Island, NY 10309.

10. Upon information and belief the Defendants, MIRIAM MINDY PAZ and GREGORY FOSDAL, received a financial benefit from the operations of DRG SINY SOUTH INC. d/b/a DADDY O'S BBQ, on January 22, 2022.

11. Upon information and belief, Defendants, MIRIAM MINDY PAZ and GREGORY FOSDAL, were the individuals with close control over the internal operating procedures and employment practices of DRG SINY SOUTH INC. d/b/a DADDY O'S BBQ, on January 22, 2022.

12. Upon information and belief the Defendant, DRG SINY SOUTH INC., is a

domestic corporation licensed to do business in the State of New York and was doing business as was doing business as DADDY O'S BBQ.

13. Upon information and belief, the Defendant, DRG SINY SOUTH INC. d/b/a DADDY O'S BBQ, is located at 185 Bricktown Way, Staten Island, NY 10309, and had a capacity for 201-225 people on January 22, 2022.

16. Upon information and belief, Defendant, *jointly and severally*, advertised on social media, including but not limited to the Establishment's Facebook & Instagram pages, for the exhibition of Plaintiff's Broadcast within the commercial establishment known as DADDY O'S BBQ. Please see Exhibit "A" attached hereto.

14. Upon information and belief, the Defendant, DRG SINY SOUTH INC. d/b/a DADDY O'S BBQ, is a business entity, having its principal place of business at 185 Bricktown Way, Staten Island, NY 10309.

15. Upon information and belief, Defendants, *jointly and severally*, received a commercial benefit by not paying the commercial licensing fee to the Plaintiff for the Broadcast and obtaining same through alternative means and exhibiting within DADDY O'S BBQ.

## COUNT I

16. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "15," inclusive, as though set forth herein at length.

17. Plaintiff is the owner of the UFC 270 - Ngannou vs Gane Broadcast, including all undercard matches and the entire television Broadcast, scheduled for

January 22, 2022, via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast").

18. Plaintiff's Broadcast originated via satellite, cable or wireless stream uplink and was subsequently transmitted via Content Distribution Networks ("CDN's) such as satellite, cable or digital streaming technology.

19. Plaintiff, for a licensing fee, entered into licensing agreements with various entities in the State of New York, allowing them to publicly exhibit the Broadcast to their patrons. Upon payment of the appropriate fees, Plaintiff authorizes and enables subscribers to unscramble and receive the Broadcast through their exclusive commercial distributor, Joe Hand Promotions, Inc..

20. The Broadcast was also available for non-commercial, private viewing through Plaintiff or its authorized online platforms for residential Pay-Per-View purchase and consumption via the internet. Owners of commercial establishments wishing to avoid paying Plaintiff's licensing fees can surreptitiously gain access to Plaintiff's Broadcasts by purchasing the programming online, without proper authorization, at residential rates, which are greatly discounted compared to the rates required for commercial entities and exhibit those broadcasts for their own commercial benefit and gain.

21. In order for anyone to obtain the Broadcast through a website intended for private, non-commercial viewing, an individual purchaser would be provided with terms of service which specifically provide for **non-commercial, personal use only**.

22. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendant and/or his agents, servants, workmen or employees, without paying Plaintiff a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, unlawfully intercepted, received and/or de-scrambled Plaintiff's encrypted signal and did exhibit the Broadcast at DRG SINY SOUTH INC. d/b/a DADDY O'S BBQ located at 185 Bricktown Way, Staten Island, NY 10309 at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

23. Upon information and belief, Plaintiff alleges that Defendants effected unauthorized interception and receipt of Plaintiff's Broadcast by ordering programming for residential use and subsequently displaying the programming in the commercial establishment known as DRG SINY SOUTH INC. d/b/a DADDY O'S BBQ at 185 Bricktown Way, Staten Island, NY 10309 for commercial gain and without authorization, or by such other means which are unknown to Plaintiffs and known only to Defendants.

24. Upon information and belief, Defendant and/or his agents, servants, workmen and/or employees intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcast, which originated via encrypted satellite, cable or wired or wireless streaming technology, and then re-transmitted via Content Distribution Networks ("CDN's) such as satellite, cable or digital streaming technology. There are multiple illegal and unauthorized methods of accessing the Broadcast, including but not limited to the traditional ways of pirating a broadcast (1) splicing an additional coaxial cable line or

redirecting a wireless signal from an adjacent residence into a business establishment, de-crypt, unscramble and receive the closed circuit, "IPTV", cable or satellite Broadcast; (2) commercially misusing cable or satellite by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence, into a business. (4) misusing a residential digital stream acquired or intercepted from an over-the-top "OTT" technologies, used for the delivery of film and TV content via the internet, (4) Live Social Media Streaming or (5) Live Streaming Apps. The misuse of OTT technology can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world. Each of the above described methods would allow Defendant to access the Broadcast unlawfully and without Plaintiffs authorization. Prior to engaging in discovery, Plaintiff is unable to determine the manner in which Defendants obtained the Broadcast. However, it is logical to conclude that Defendants utilized one of the above-described methods or another to intercept and exhibit the Broadcast within DADDY O'S BBQ without entering into an agreement to obtain it lawfully from Plaintiff or their exclusive commercial distributor, Joe Hand Promotions, Inc., the legal rights holder for commercial exhibition.

25. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff had the distribution rights thereto.

26. By reason of the aforementioned conduct, the aforementioned Defendants willfully violated 47 U.S.C. §605 (a).

27. By reason of the aforementioned Defendants violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

28. As a result of the aforementioned Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to each Defendants.

29. Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

**COUNT II**

30. Plaintiff hereby incorporates paragraphs "1" through "29" as though fully set forth herein.

31. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendant and/or his agents, servants, workmen or employees did exhibit the Broadcast at the above-captioned address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

32. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution rights as to commercial establishments thereto.

33. Upon information and belief, the Defendants individually, willfully and

illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

34. By reason of the aforementioned conduct, all of the aforementioned Defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

35. As a result of the aforementioned Defendants' violation of 47 U.S.C. §553, Plaintiff is entitled to damages, in an amount in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

## COUNT III

36. Plaintiff hereby incorporates paragraphs "1" through "35" as though fully set forth herein.

37. Plaintiff, by contract, is the copyright owner of the exclusive rights of distribution and public performance as to commercial establishments to the broadcast, including all undercard matches and the entire television Broadcast for UFC 270 - Ngannou vs Gane, scheduled for January 22, 2022, via closed circuit television and via encrypted satellite signal. The Certificate of Registration was filed with the U.S. Copyright Office on August 4, 2022 under Registration Number PA 2-363-566. The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

38. As a copyright holder of the rights to the UFC 270 - Ngannou vs Gane

Broadcast, Plaintiff has rights to the Broadcast, including the right of distribution as well as the licensing to commercial establishments for the right to exhibit same.

39. Defendants never obtained the proper authority or license from Plaintiff, or it's authorized exclusive agent for commercial distribution, Joe Hand Promotions, Inc. to publicly exhibit the UFC 270 - Ngannou vs Gane Broadcast on January 22, 2022.

40. Upon information and belief, with full knowledge that the UFC 270 - Ngannou vs Gane Broadcast can only be exhibited within a commercial establishment by the purchasing of a license from Plaintiff, or its authorized agent for commercial distribution, Defendants and/or their agents, servants, workmen or employees illegally intercepted the Broadcast and exhibited same in their commercial establishment on January 22, 2022.

41. Specifically, upon information and belief, the Defendants and/or their agents, servants, workmen and employees unlawfully obtained the UFC 270 - Ngannou vs Gane Broadcast, enabling Defendants to publicly exhibit the Broadcast without obtaining a license for public performance or paying the appropriate licensing fee to Plaintiff, or its authorized agent for commercial distribution.

42. By reason of the aforementioned conduct, the Defendants willfully violated 17 U.S.C. §501(a).

43. By reason of the aforementioned Defendants' violation of 17 U.S.C. §501(a), Plaintiff has a private right of action pursuant to 17 U.S.C. §501 (b).

44. As a result of Defendants' willful infringement of Plaintiff's copyrights and

exclusive rights under copyright, by advertising and subsequently displaying Plaintiff's Broadcast, Plaintiff is entitled to damages, in the discretion of this Court, under 17 U.S.C. §504(c)(1) and 504(c)(2), of up to the maximum amount of $150,000.00.

45. Plaintiff is further entitled to its attorney's fees and costs pursuant to 17 U.S.C. §505.

**WHEREFORE**, the Plaintiff requests that judgment be entered in its favor and against the Defendant, *jointly and severally,* granting to Plaintiff the following:

(a) Declare that Defendant's unauthorized exhibition of the January 22, 2022, UFC 270 - Ngannou vs Gane Broadcast**,** violated the Federal Communications Act and that such violations were committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain**,** as Defendant advertised and subsequently displayed Plaintiff's Broadcast.

(b) On the first cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, for a recovery between $1,000 and $10,000 as to each Defendant pursuant to 47 U.S.C. §605 and enhanced damages of up to $100,000.00 for each defendant, *jointly and severally*, for their willful violation of 47 U.S.C. §605; and

(c) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. § 605 (e)(3) (B) (iii).

(d) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up to the maximum amount of $10,000.00 as to each Defendant for their violation of 47 U.S.C. §553 and enhanced damages of up to $50,000.00 for their willful violation of 47 U.S.C. §553; and

(e) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. §553 (c)(2)(C).

(f) On the third cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up $30,000.00 pursuant to §504(c)(1) and enhanced damages in the amount of $150,000.00 pursuant to §504(c)(2) for their willful violation of 17 U.S.C. §501(a); and

(g) Attorney's fees, interest, costs of suit as to the Defendants pursuant to 17 U.S.C. §505, together with such other and further relief as this Court may deem just and proper.

Dated: February 15, 2023
Ellenville, New York

**ZUFFA, LLC d/b/a Ultimate Fighting Championship,**

By: /s/Julie Cohen Lonstein
JULIE COHEN LONSTEIN, ESQ. (JL8521)
LONSTEIN LAW OFFICE, P.C.
190 S Main Street
P.O. Box 351
Ellenville, New York 12428
Telephone: 845-647-8500
Facsimile: 845-647-6277
Email: Legal@signallaw.com
*Our File No. ZU22-01NY-04*